IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEXSAN TECHNOLOGIES INCORPORATED,<br>          Plaintiff,<br><br>v.<br><br>EMC CORPORATION,<br>          Defendant. | C.A. No. 1:16-cv-10847<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

This is an action for a declaratory judgment of trademark priority and non-infringement. Nexsan Technologies Incorporated ("Nexsan") seeks a declaration that it has priority to, and is not infringing upon, certain trademark rights asserted by EMC Corporation ("EMC"). Nexsan seeks this Court's intervention because EMC has threatened suit unless Nexsan abandons its UNITY trademarks.

**PARTIES**

1. Plaintiff Nexsan Technologies Corporation is a Delaware business entity, with an address of 900 E. Hamilton Avenue, Suite 230, Campbell, California 95008.

2. Upon information and belief, Defendant EMC Corporation is a Massachusetts corporation, with an address of 176 South Street, Hopkinton, Massachusetts 01748.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a), as this action arises under the United States trademark laws.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2), in that EMC resides within the District and a substantial part of the events or omissions giving rise to the claim occurred within the District.

5. An actual case or controversy has arisen between the parties. EMC has sent a letter to Nexsan demanding that Nexsan cease all use of its UNITY trademark and expressly abandon its trademark applications containing the UNITY mark; threatened litigation against Nexsan; and asserted that Nexsan's provision of goods and services under its UNITY mark would constitute trademark infringement. These statements threaten immediate injury to Nexsan.

## STATEMENT OF FACTS

**Nexsan and Nexsan's UNITY Marks**

6. Plaintiff, Nexsan, is engaged in the business of storage, back up and data management solutions that are focused on seamlessly and securely enabling a connected workforce. Nexsan's solution portfolio allows enterprises to securely store, protect and manage business data, while allowing users to sync, share and access files from any device, anywhere, anytime. Nexsan has annual sales of approximately $50 million. It is a wholly-owned subsidiary of Nexsan Corporation, which, in turn, is a wholly-owned subsidiary of Imation Corp. ("Imation"), a publicly-traded company that recently completed a restructuring and winding down of its legacy businesses except for its commercial storage business, *i.e.*, Nexsan. As of the close of trading on the New York Stock Exchange ("NYSE") on May 5, 2016, Imation's market capitalization was approximately $64 million.

7. On March 22, 2016, Nexsan filed with the United States Patent and Trademark Office ("USPTO") the following trademark applications, based on an intent to use UNITY and NEXSAN UNITY (collectively referred to as the "Nexsan UNITY Marks"), copies of which are attached hereto as Exhibit 1:

| Mark and Serial No. | Filing Date | Goods and Services |
|---|---|---|
| UNITY<br><br>U.S. App. Ser. No. 86/948,640 | March 22, 2016 | computer hardware and software for use in managing, storing, transferring, accessing, and sharing data in an enterprise private cloud environment |
| NEXSAN UNITY<br><br>U.S. App. Ser. No. 86/948,652 | March 22, 2016 | computer hardware and software for use in managing, storing, transferring, accessing, and sharing data in an enterprise private cloud environment |

8. Nexsan filed the applications following a period of market research and testing in which Nexsan, among other things, engaged with strategic partners, customers and industry analysts to introduce the Nexsan UNITY Marks and product concept.

9. On April 26, 2016, Nexsan announced "the release of Nexsan UNITY™, a next-generation storage platform that combines the performance, scability and value of DRAM [dynamic random access memory] and Flash [flash memory] along with private cloud system synchronization and true data mobility support." In a press release issued that date, a copy of which is attached as Exhibit 2, Nexsan further announced that "Nexsan UNITY is available now with pricing starting at $45,000 MSRP."

10. On the eve of Nexsan's public announcement, on April 25, 2016, industry publication, *CRN* magazine, previewed in an online article that "[t]he new Nexsan Unity solution allows

customers to set up private clouds for sync and share" and "is the first iteration of what is expected to be a wide range of solutions that combines file sync and share with data in both the file and block format."

11. The market has favorably viewed Nexsan's new UNITY product offerings, in which Nexsan has invested, and continues to invest, substantially.

**EMC and EMC's Alleged Trademark Rights**

12. Defendant EMC Corporation is one of the largest technology companies in the world, having annual sales of approximately $25 billion. As of the close of trading on the NYSE on May 5, 2016, EMC's market capitalization was approximately $51.5 billion. In December 2015, EMC announced that it had signed definitive agreements to be acquired by Dell, Inc. The acquisition is expected to be consummated this year.

13. More than a month after Nexsan filed its UNITY trademark applications with the USPTO, and days after Nexsan's public announcement of its UNITY product line, on April 29, 2016, EMC filed (between approximately 7:00 p.m. and 8:00 p.m., according to USPTO records), trademark applications for UNITY and EMC UNITY (collectively referred to as the ("EMC UNITY Marks"), copies of which are attached as Exhibit 3:

| Mark and Serial No. | Filing Date | Goods and Services |
|---|---|---|
| UNITY<br><br>U.S. App. Ser. No. 87/020,119 | April 29, 2016 | computer hardware; computer software for data management and data storage<br><br>computer services, namely, computer consultation, customization of computer hardware and software, computer hardware and software design development, deployment and installation of computer software |

| Mark and Serial No. | Filing Date | Goods and Services |
|---|---|---|
| EMC UNITY<br><br>U.S. App. Ser. No. 87/020,237 | April 29, 2016 | computer hardware; computer software for data management and data storage<br><br>computer services, namely, computer consultation, customization of computer hardware and software, computer hardware and software design development, deployment and installation of computer software |

14. The applications for the EMC UNITY Marks contain a declaration that EMC has used the marks since March 19, 2015, and used in commerce since March 19, 2015; except for the goods in Class 9, on which EMC has alleged first use in commerce since Dec. 14, 2015. On information and belief, EMC has not used the EMC UNITY Marks in commerce for services at least as early as March 19, 2015, and for goods, at least as early as December 14, 2015, as alleged in its applications.

15. At or about the same time, at approximately 6:00 p.m. on April 29, 2016, *CRN* magazine published an article online revealing that "EMC is set to kick off its final EMC World conference as an independent company by taking the storage world by storm with a new unified all-flash storage array." According to the article, "[t]he new 2U unified storage solution . . . combines file, blocks and object storage capabilities under the new Unity brand."

16. Quoting industry expert, James Shepard, the *CRN* article observed: "There is one issue with the new product, Shepard said: The name 'Unity.'" The article continued:

"Other vendors use 'Unity.' "

One of those vendors is Campbell, Calif.-based Nexsan, which earlier this week unveiled Nexsan Unity, the first iteration of what is expected to be a wide range of solutions that combines file sync and share with data in both the file and block format.

17. The next business day, on May 2, 2016, at the EMC World conference in Las Vegas,

5

EMC introduced the EMC Unity product line. In a press release issued the same date (a copy of which is attached as Exhibit 4), EMC "today announced EMC Unity™, a new family of storage systems that helps simplify and modernize the data center." According to the press release, "Unity is the latest member of EMC's all flash portfolio delivering highly affordable file and block storage for small and medium-sized IT departments."

18. On information and belief, EMC did not launch its product or make public use of its EMC UNITY Marks until after the issuance of EMC's press release regarding its UNITY product, dated May 2, 2016.

19. EMC's application filing for its EMC UNITY Marks occurred 38 days after Nexsan's filing date for its Nexsan UNITY Marks.

20. EMC's public launch of its UNITY product and services occurred 41 days after Nexsan's filing date.

**The Present Case and Controversy**

21. At approximately 5:00 p.m. on April 29, 2016, EMC transmitted by e-mail a letter (a copy of which is attached as Exhibit 5) to counsel for Nexsan making clear that EMC is "a Fortune 200 company" with "annual sales of approximately $25 billion and market capitalization of over $60 billion," acknowledging that it "recently became aware that your client Nexsan Technologies filed two trademark applications with the USPTO for marks that include the term UNITY," and asserting that "EMC first used the mark UNITY . . . over a year ago in customer presentations," beginning in March 2015. EMC went on to maintain that "[since] the parties' marks are, respectively, identical and confusingly similar, the parties' uses conflict." EMC claimed "senior use" of "its own UNITY marks," and that "Nexsan does not have the right to use UNITY as a mark on similar goods and services." EMC, therefore, demanded, on threat of

litigation, that, on or before May 6, 2016, Nexsan abandon its trademark applications and not use any UNITY mark for goods and services related to EMC's UNITY goods and services.

22. Nexsan has invested, and continues to invest, substantially in the Nexsan UNITY Marks.

23. Nexsan's trademark filings entitle Nexsan to the right to use the Nexsan UNITY Marks under Section 7(c) of the Lanham Act, 15 USC §1057(c) as of the date of filing, *i.e.*, on March 22, 2016.

24. EMC's customer presentations did not constitute prior use of the EMC UNITY Marks in interstate commerce within the meaning of Section 45 of the Lanham Act, 15 USC §1127, and EMC did not otherwise use the EMC UNITY Marks in interstate commerce within the meaning of the Lanham Act prior to the filing of Nexsan's trademark applications.

25. As between Nexsan and EMC, Nexsan has priority of right to use the UNITY mark, and is entitled to prosecute its trademark applications and to use the Nexsan UNITY Marks without infringing on any rights that EMC claims in the EMC UNITY Marks.

26. In contrast, EMC maintains that it has priority of right to use the UNITY mark, and that Nexsan's continued prosecution of its trademark applications and use of the Nexsan UNITY Marks infringes upon the EMC UNITY Marks.

27. A case and controversy, therefore, exists between Nexsan and EMC as to the priority of rights to use the UNITY mark.

## COUNT I

### (Declaratory Judgment of Non-Infringement of Trademarks)

28. Nexsan incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

30. An actual, present and justiciable controversy has arisen between Nexsan and EMC concerning Nexsan's rights to use the Nexsan UNITY Marks in connection with the provision of products for data management and storage.

31. EMC claims that Nexsan's use of the Nexsan UNITY Marks in connection with the provision of data management and storage products creates a likelihood of confusion with the EMC UNITY Marks and has threatened litigation against Nexsan if Nexsan does not comply with EMC's demands to abandon the Nexsan UNITY Marks.

32. Nexsan seeks a declaratory judgment from this Court that Nexsan has a priority of right to use the Nexsan UNITY Marks and that Nexsan's prosecution of its trademark applications with respect to, and its use of, the Nexsan UNITY Marks does not infringe upon the EMC UNITY Marks, and that EMC's claimed use in commerce date in its US applications are false and cannot be supported by the facts and applicable trademark law.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff Nexsan respectfully asks this Court to enter judgment for Nexsan against EMC, and to grant Nexsan the following relief:

1. Declaring, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, that Plaintiff Nexsan has a priority of right to use the Nexsan UNITY Marks and that Nexsan's prosecution of its trademark applications with respect to, and its use of, the Nexsan UNITY Marks does not infringe upon the EMC UNITY Marks;

2. Ordering Defendant EMC to pay the cost of this action as provided in 15 U.S.C. § 1117 and other applicable law; and

3. Ordering Defendant EMC to pay Plaintiff's attorneys' fees as provided by 15 U.S.C. § 1117, and other applicable law; and

4. Granting such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial of any issues in this action so triable.

Dated: May 6, 2016

Respectfully submitted,

Nexsan Technologies Incorporated,
By Its Attorneys,

/s/ Lisa M. Tittemore, Esq.
Lisa M. Tittemore, BBO No. 567941
Steven A. Abreu, BBO No. 672177
Brandon Scruggs, BBO No. 672541
SUNSTEIN KANN MURPHY & TIMBERS, LLP
125 Summer Street - 11th floor
Boston, Massachusetts 02110-1618
617.443.9292
617.443.0004  Fax
ltittemore@sunsteinlaw.com
sabreu@sunsteinlaw.com
bscruggs@sunsteinlaw.com

04262/05001 2505061.1